Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jamie Rae Cardis,<br><br>         Plaintiff,<br>    v.<br><br>Health Partner's Management Group, Incorporated,<br><br>         Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Jury Trial Demanded** |

Plaintiff Jamie Rae Cardis ("Plaintiff") alleges:

1. Plaintiff is a natural person.

2. Health Partner's Management Group, Incorporated ("Defendant") is a Missouri corporation with its principal place of business in Missouri. At all times relevant to this complaint, Defendant did business in the State of California.

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over the action pursuant to 29 U.S.C. § 216 of the Fair Labor Standards Act ("FLSA"), 29 U.SC. §§ 201 et seq.

2. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact

that the Plaintiff's employment was performed in this district and Plaintiff's cause of action arose in this district.

### GENERAL ALLEGATIONS

3. Defendant employed Plaintiff as an employee.

4. Plaintiff started working for Defendant on April 19, 2021.

5. Plaintiff was a non-exempt employee.

6. Plaintiff worked at the front desk of a facility located in Solano County, California.

7. Defendant regularly scheduled Plaintiff to work from 7:30 a.m. to 4:30 p.m.

8. Plaintiff was required to use a computer provided at the facility to do her job.

9. The computer provided took a considerable amount of time to boot up and be made ready for Plaintiff to use. It would take approximately 15 minutes for the computer to boot up and open a program that Plaintiff had to use for her job.

10. Nevertheless, Defendant expected Plaintiff to be able to begin working promptly, using the computer provided, at the beginning of her scheduled shift at 7:30 a.m.

11. In order to comply with Defendant's directions, Plaintiff needed to arrive 15 minutes earlier than her scheduled 7:30 a.m. shift to start and prepare the facility-provided computer each day.

12. Plaintiff would also need to arrive back 15 minutes early from her scheduled lunch in order to get the computer ready to use by the end of her scheduled lunch time. Defendant was aware of this.

13. Plaintiff would accurately clock-in when she started her shift and returned from lunch and began working.

14. Defendant, however, would alter Plaintiff's time records to exclude the approximately 15 minutes she would spend preparing the computer to be used. In other words, Defendant would not pay Plaintiff for her labor for approximately 30 minutes on most days.

15. Plaintiff was not paid for the extra time that she worked outside of her scheduled hours.

16. Plaintiff believes that Defendant would alter her timecard and clock-in and clock-out entries to make them align with her scheduled hours.

17. Plaintiff complained to a manager of Defendant, Tanya, who told Plaintiff that Plaintiff

had to just make it work.

18. Defendant terminated Plaintiff's employment after Plaintiff complained that Defendant was shorting her wages and not paying overtime as required.

19. Plaintiff's employment is subject to Industrial Welfare Commission, Wage Order number 4.

## FIRST CAUSE OF ACTION

Failure to Pay Overtime

29 U.S.C. § 207

20. Plaintiff incorporates all previous paragraphs as if fully stated herein.

21. Defendant was required to pay Plaintiff at least 1.5x her regular rate for time she worked in excess of 40 hours per workweek.

22. Plaintiff regularly worked in excess of 40 hours per workweek.

23. Defendants failed to pay Plaintiff at least 1.5x her regular rate for the time she worked in excess of 40 hours per workweek.

24. Plaintiff is owed and prays for the unpaid overtime, liquidated damages, interest, and attorney's fees.

## SECOND CAUSE OF ACTION

Retaliation

29 U.S.C. § 215

25. Plaintiff incorporates all previous paragraphs as if fully stated herein.

26. Defendant was prohibited from discharging Plaintiff and terminating her employment for the reason that she complained about not being paid overtime to Defendant.

27. Nevertheless, Defendant discharged Plaintiff and terminated her employment because Plaintiff complained about not being paid overtime.

28. Plaintiff is owed and prays for employment, reinstatement, promotion, and/or the payment of wages lost and an additional equal amount as liquidated damages, or legal or equitable relief as may be appropriate to effectuate the purposes of Title 29 section 215(a)(3) of the United States Code, in addition to attorney's fees and interest.

### THIRD CAUSE OF ACTION

Failure to Pay Overtime

Cal. Lab. Code §§ 510, 1194 or 1454

29. Plaintiff incorporates all previous paragraphs as if fully stated herein.

30. Under California law, Defendant was required to compensate Plaintiff one and one half times Plaintiff's regular rate of pay or one and one half times the minimum wage, whichever is higher, for all hours worked in excess of eight hours per day and/or forty hours per week and the first eight hours worked on the seventh day of work in any one workweek, and two times Plaintiff's regular rate or two times the minimum wage, whichever is higher, for hours worked in excess of twelve hours per day and hours worked in excess of eight hours on the seventh day of a workweek.

31. Defendant did not compensate Plaintiff in accordance with the overtime requirements outlined above.

32. Plaintiff is owed and prays for payment of all overtime wages, penalties, damages, attorney's fees, and costs and prays for other such relief as the court may see fit to award.

### FOURTH CAUSE OF ACTION

Failure to Pay Minimum Wage

Cal. Lab. Code §§ 558.1, 204, 1194, 1194.2, 1194.3, 1197.1

33. Plaintiff incorporates all previous paragraphs as if fully stated herein.

34. Defendant was required by law to pay Plaintiff at least the minimum wage for all hours worked by Plaintiff by Plaintiff's designated payday.

35. Defendant failed to pay Plaintiff at least the minimum wage for all hours Plaintiff worked for Defendant by the designated payday for the applicable pay period when the wages were due.

36. Defendant failed to pay Plaintiff at least the minimum wage for all hours worked.

37. Plaintiff is owed and prays for payment of any and all unpaid minimum wages still outstanding, liquidated damages, interest, penalties, damages, attorney's fees, and costs and prays for other such relief as the court may see fit to award.

//

## FIFTH CAUSE OF ACTION

Unpaid Wages

Cal. Lab. Code §§ 200, 204, 218.5, 223

38. Plaintiff incorporates all previous paragraphs as if fully stated herein.

39. Defendant have failed to pay Plaintiff all wages due to Plaintiff and amounts remain outstanding and owed.

40. Plaintiff is owed and prays for all outstanding wages due, interest, penalties, damages, attorney's fees, and costs and prays for other such relief as the court may see fit to award.

## SIXTH CAUSE OF ACTION

Retaliation

Labor Code § 98.6, 1102.5

41. Plaintiff incorporates by reference each and every allegation contained above.

42. A person shall not discharge an employee in any manner discriminate, retaliate, or take any adverse action against any employee because the employee engaged protected conduct, including because the employee made a written or oral complaint that he or she is owed unpaid wages.

43. An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

44. Defendant took adverse action and/or otherwise retaliated against Plaintiff because Plaintiff participated in protected activities.

45. Plaintiff was harmed as a result. Defendant's conduct was a substantial factor in causing that harm.

46. Plaintiff is entitled to reinstatement and reimbursement for lost wages and work benefits caused by Defendant' conduct.

47. Plaintiffs entitled to penalties.

48. Plaintiff is owed and prays for damages, interest, penalties, damages, attorney's fees, and costs and prays for other such relief as the court may see fit to award.

## SEVENTH CAUSE OF ACTION

Waiting Time Penalties

Labor Code Section 203

49. Plaintiff incorporates all previous paragraphs as if fully stated herein.

50. Defendant was obligated to pay Plaintiff all compensation earned and unpaid at the time of the termination of Plaintiff's employment.

51. Defendant willfully failed to pay Plaintiff all compensation earned when it became due.

52. Defendant is obligated to pay Plaintiff a waiting-time penalty equivalent to a day's wages for up to 30 full working days.

53. Plaintiff is owed and prays for the waiting time penalties, interest, attorneys' fees, and costs, and prays for any other relief the court may see fit to award.

## PRAYER

Plaintiff prays for a judgment against Defendant of:

a. Damages, including premium pay, wages, and/or penalties, in an amount no less than $80,000 or according to proof;

b. Attorney's fees pursuant to statute(s);

c. Costs;

d. Pre-judgment interest;

e. Such other remedies, relief, and orders that are just and proper.

Dated: December 6, 2022               Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorneys for Plaintiff